# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      Plaintiff,

*vs*.                                        **CRIMINAL ACTION NO. 2:99CR009**

**JOHNNIE DALE CUTRIGHT,**

      Defendant.

## REPORT AND RECOMMENDATION/OPINION

On June 9, 2000, Defendant was sentenced upon his conviction of being a convicted felon in possession of a firearm. That sentence was amended by Order of the Court on March 5, 2002. The amended Judgment Order imposed thirty (30) months of imprisonment, with a recommendation that the Defendant be given credit for twelve (12) months and one (1) day for time served at Bannum Place in Clarksburg, West Virginia. Following release from imprisonment, Defendant was to be followed by two (2) years of supervised release.

On July 15, 2003, Defendant began supervised release. On June 28, 2005, U. S. Probation Officer Eydie B. Feathers filed a Petition for Warrant or Summons for Offender Under Supervision, alleging that the Defendant had failed to abide by standard condition number two (2) and standard condition number six (6) of Defendant's conditions of supervised release in that he had not provided a written monthly report for the month of March, 2005; April, 2005; and May, 2005, and had not made any other contact with the probation officer since March, 2005 [Docket Entry 43]. According to the Probation Officer's petition, she was unable to make contact with Defendant at the place he had been living because he had moved without a forwarding address. However, the Probation Officer was given information that Defendant might be living with a sister, who was located in Buckhannon, West Virginia.

On July 12, 2005, came the Defendant, in person, and also came the United States by Stephen D. Warner, its Assistant United States Attorney, for a preliminary hearing on the June 28, 2005, Petition for Warrant or Summons for Offender Under Supervision. After advising Defendant of the nature of the allegations being made against him in the Petition for Warrant or Summons for Offender Under Supervision, the possible consequences of those charges being proved, and receiving information form the Assistant United States Attorney, as well as Probation Officer Edyie B. Feathers, the undersigned released the Defendant from custody, under the terms and provisions of his supervised release, with instructions to meet with the Probation Officer, provide oral monthly reports, and submit to a drug test. It being the intent of the undersigned that if the Defendant complied with the conditions of his supervised release between July 12, 2005, and the date that supervision was scheduled to terminate, July 15, 2005, the Defendant's homeless indigency militated against the forfeiture of the supervised release and reincarceration or extension of supervised release. Counsel for the United States, as well as Defendant and his court-appointed counsel, the Federal Public Defender, Brian J. Kornbrath, each agreed. An order releasing Defendant was entered.

Upon the return of undersigned from a brief absence from the District, on July 19, 2005, the undersigned was advised the Defendant passed his drug test on July 12, 2005, and was compliant with the terms and provisions of his supervised release through its expiration date of July 15, 2005.

Upon consideration of all which, it is the **RECOMMENDATION** of the undersigned that the Petition for Warrant or Summons for Offender Under Supervision be dismissed and that Defendant be formally released from the provisions of his supervised release effective July 15, 2005.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the

proposed Report and Recommendation to which objection is made and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the proposed Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the United States District Court for the Northern District of West Virginia is directed to provide a copy of this proposed Report and Recommendation to counsel of record.

DATED: July 25, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE